```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                       AT BECKLEY
```

**ENCOMPASS INSURANCE,**

    **Plaintiff,**

v.                                    Civil Action No: 5:05-0101

**JEFFREY FRANKLIN CLARK,**
**DENNIE CLARK,**
**DEBORAH CLARK,**
**BRADY A. LILLY,**
**JULIA Y. LILLY,**

    **Defendants.**

<u>**MEMORANDUM OPINION**</u>

Pending before the court is plaintiff Encompass Insurance's ("Encompass") motion for summary judgment (Doc. No. 39-1). Having reviewed the record and applicable law and for the reasons outlined below, the court in an accompanying Judgment Order grants Encompass's motion for summary judgment (Doc. No. 39-1). Additionally, the Judgment Order directs the Clerk to strike this case from court's active docket.

## I.  Background

This action arises from a car crash involving Jeffrey Clark and Brady and Julia Lilly ("Lillys").  The Lillys filed a complaint ("Lilly Complaint") in the Circuit Court of Raleigh County alleging that Jeffrey Clark negligently caused the collision between his Ford Ranger and the Lillys' vehicle on January 1, 2004 (No. 04-C-698-K).  (Doc. No. 39-2 Ex. A ¶ 12.)

Dennie and Deborah Clark held an auto insurance policy ("Policy") with Encompass which was in effect on the date of the accident.  (Doc. No. 39-1 at 4.)  Their son, Jeffrey Clark, owns and drives a 1999 Ford Ranger ("Ford Ranger").  (Id.)  The Lilly Complaint alleges that Dennie Clark is registered as a co-owner of the Ford Ranger because he co-signed Jeffrey Clark's loan on the vehicle.  (Id. at 3.)

Now, Encompass moves for summary judgment to establish that (1) the Policy does not provide coverage for injuries and damage sustained in the accident and (2) that Encompass owes no duty to defend or indemnify Dennie, Deborah, or Jeffrey Clark.  (Id. at 15.)  Encompass alleges that the Ford Ranger had been removed from the Policy, that Jeffrey Clark was not listed as an insured, and that Jeffrey Clark did not meet the Policy's definition for covered "family member" because he is an adult and has not lived with his parents for about nine years.  (See Doc. No 39-3 Ex. B at 1.)  Defendants failed to respond to Encompass's motion for summary judgment within the time allotted under the Local Rules.  Accordingly, this matter is ripe for decision.

## II.  Standard of Review

A motion for summary judgment may be granted when there are no genuine issues of material fact and the movant is entitled to a judgment as a matter of law.  Fed. R. Civ. P. 56(c); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88

(1986).  Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his case and does not make, after adequate time for discovery, a showing sufficient to establish that element.  Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of their position.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

Once the moving party has met its burden, the nonmoving party must present enough affirmative evidence to allow a jury to return a verdict in its favor on material issues.  Guarino v. Brookfield Township Trustees, 980 F.2d 399, 403 (6th Cir. 1992).  The evidence cannot consist merely of allegations in the pleadings.  Celotex, 477 U.S. at 325.

Where no response to a summary judgment motion is before a district court, the court is under no duty to search the record for a genuine issue of material fact.  Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479-80 (6th Cir. 1989)).  Rather, the district court may rely upon the facts advanced by the movant.  Id.  The nonmoving party is deemed to have waived its opportunity to designate facts in accordance with Rule 56(e) when it fails to properly file a response.  Guarino, 980 F.2d at 405.  It is not the role of the district court to develop facts for the nonmoving party.  Id. at 406.

### III. Analysis

Encompass has no duty to defend or indemnify Dennie or Deborah Clark because the Ford Ranger is not a covered vehicle and Jeffrey Clark is not an insured driver under the Policy. To determine whether Encompass has a duty to defend against the Lilly Complaint, the court must determine whether the allegations in the complaint are reasonably susceptible of an interpretation that the claim may be covered by the terms of the Policy. W. Va. Fire & Cas. Co. v. Stanley, 216 W. Va. 40, 47, 602 S.E.2d 483, 490 (2004) (citing Bruceton Bank v. U.S. Fid. & Guar. Ins. Co., 199 W. Va. 548, 549, 486 S.E.2d 19, 20 (1997)). To do so, the court must examine the allegations of the Lilly Complaint but need not adjudicate the underlying facts. Id.

The party seeking coverage bears the burden to prove both the existence of an applicable insurance contract and its material terms. Payne v. Weston, 195 W. Va. 502, 506, 466 S.E.2d 161, 165 (1995). Then, the burden shifts to the insurer to prove the facts necessary to trigger a policy exclusion. Nat'l Mut. Ins. Co. v. McMahon & Sons, Inc., 177 W. Va. 734, 741, 356 S.E.2d 488, 495 (1987). In the absence of ambiguity or other compelling reason, the court must "apply and not interpret" the "plain and ordinary meaning" of an insurance contract. Id.

The Policy covers "bodily injury" and "property damage" claims brought against a "covered person" with respect to

vehicles listed on the Coverage Summary.  (Doc. No. 39-3 Ex. B, Special Motor Vehicle at 1, 3.)  The term "covered person" includes a named insured or a "family member."  (Id. Ex. B, Special Motor Vehicle at 1; Id. Ex. B, Introduction at 1.)  The policy states that it only covers injury or damage resulting from the use of a vehicle when it is:

    (1) listed in the Coverage Summary;

    (2) a newly acquired vehicle covered by consent of Encompass within 30 days of acquisition;

    (3) a replacement vehicle for one of the vehicles listed in the Coverage Summary;

    (4) a temporary substitute for a vehicle listed in the Coverage Summary;

    (5) a vehicle used by a "family member" but not owned by, furnished for or available for the regular use of an insured or "family member"; and

    (6) used by an insured which is owned by a "family member" but not shown on the Coverage Summary or furnished or available for the regular use of any "family member."  (Id., Special Motor Vehicle, Ex. B at 5.)

    The Ford Ranger does not fall into any of these categories.  First, it is not listed on the Coverage Summary.  (See Doc. No. 39-3 Ex. B.)  Next, the Lilly Complaint does not allege and there is no evidence to suggest that the Ford Ranger is covered as a

replacement vehicle, a temporary substitute vehicle, or a newly acquired vehicle.

The fifth category of coverage extends only to vehicles used by "family members." Under the Policy, "family member" means a person who is related to a named insured and who actually resides in an insured's household. (Id. Ex. B, Special Motor Vehicle at 5-6.) The record indicates that Jeffrey Clark had not lived in his parents' household for approximately nine years as of the filing of Encompass's complaint. (Doc. No 1-1 ¶ 13.) Although Jeffrey Clark is the son of an insured, the court concludes that Jeffrey Clark was not covered under the Policy as a "family member" because he did not reside in an insured's household and that no genuine issue of fact remains as to this issue. As such, the Ford Ranger cannot be covered as a vehicle used by a "family member."

Jeffrey Clark's name is absent from the list of insured drivers. (See Doc. No. 39-3 Ex. B.) Thus, no genuine issue of material fact remains that Jeffrey Clark was not covered under the Policy as a named insured. Hence, the Ford Ranger is not covered under the sixth category of coverage.

Because the court concludes that neither the Ford Ranger nor Jeffrey Clark was covered under the Policy, Encompass has no duty to defend or indemnify Dennie, Deborah, or Jeffrey Clark against

6

the Lilly Complaint. Accordingly, it is appropriate to grant Encompass's motion for summary judgment.

### IV. Conclusion

For the reasons outlined above, by accompanying Judgment Order, plaintiff's motion for summary judgment (Doc. No. 39-1) is granted. Additionally, the Clerk is directed to strike this case from the active docket of the court and to send a copy of this Memorandum Opinion to all counsel of record.

It is SO ORDERED this 28th day of March, 2006.

ENTER:

David A. Faber
Chief Judge